## THE SICILIAN PRINCE.

(Circuit Court of Appeals, Second Circuit. November 28, 1905. Modification of Opinion December 11, 1905.)

No. 28.

COLLISION—OVERTAKING STEAMSHIPS—MANEUVERING IN NEW YORK BAY.

While the steamship Sicilian Prince was maneuvering on the east side of the channel in Upper New York Bay in order to head out to sea, having been lying at anchor with her head to the north, and when she was moving astern in a northwesterly direction, a collision occurred between her and the Jefferson, which was coming down the bay and undertook to pass to the right. *Held*, that the Jefferson was an overtaking vessel, notwithstanding the fact that the Sicilian Prince was at the time moving astern, and was bound under the rules to keep out of the way, and was also in fault for being on the wrong side of the channel in violation of the rules, for which she was not excused by the fact that there was another vessel also coming down on her starboard side. *Held*, also, that the Sicilian Prince was chargeable with contributory fault in that, while backing across the main channel in a crowded harbor, and having seen the other two vessels approaching when a mile distant and stopped her engines, she paid no further attention to them, and did not repeat her signal, that she was going astern when the action of the Jefferson indicated that it had not been heard.

[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Collision, §§ 56–63, 197–199.

Overtaking vessels, see note to The Rebecca, 60 C. C. A. 254.]

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon cross-appeals from a decree holding both vessels in fault for a collision in the Upper Bay of New York near red buoy No. 14 between the steamships Jefferson and Sicilian Prince. The opinion of the District Judge will be found in 128 Fed. 133.

Harrington Putnam, for libelant.

J. Parker Kirlin, for claimant.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. It seems unnecessary to add anything to the full discussion of the cause which will be found in the opinion of the district judge. We are not entirely satisfied that the headings of the two vessels, at the time the Jefferson sighted the Prince, and the subsequent movements of the latter vessel, were such as to lay upon the Jefferson the burden of navigating as an overtaking vessel under rule 24. But the preponderance of proof is to the effect that the collision took place in the easterly part of the channel, and we therefore concur in the conclusion that the Jefferson did not keep to that side of mid-channel which lay on her starboard side, and, therefore, was in fault for navigating in violation of rule 25—a fault which certainly contributed to the collision. We also concur with the district judge in his strictures upon the navigation of the Sicilian Prince. She was undertaking a maneuver which, in view of her length, her known sluggishness in responding to her helm, and the conditions of wind and tide, would make it necessary for

her to keep moving back and forth across the full width of the channel which leads from the bay to the mouths of the two rivers, a situation where moving vessels are to be constantly expected. "Any vessel backing across a channel, in the way of other vessels navigating it, is bound to exercise extreme care to notify the other vessels of her maneuver." She failed to do so, as the district judge found; not keeping a proper lookout, and not paying proper attention to the El Paso and the Jefferson. "She admittedly saw the two vessels coming down and gave them a signal that she was going astern, but it was when they were a very long distance away. No answer was received, and there was nothing to indicate that the approaching steamers had noticed or understood the signal. The engines on the Sicilian Prince were stopped, and apparently were stopped solely because the El Paso and the Jefferson were coming across her [backward] path, but the officers and the lookout on the Sicilian Prince apparently paid no further attention to those two vessels, and did not notice their approach until the Jefferson, about a ship's length away, sounded one whistle. The officer at the stern, who should have been on the watch for them * * * when the Jefferson was from about 60 to 100 feet away * * * gave an order to go ahead at full speed, but the order was too late." These quotations are from the opinion below. We fully concur, and find the Sicilian Prince in fault for not sooner perceiving the danger to which her backing was exposing her, and sooner contracting her momentum by a forward movement of her engines.

The decree is affirmed, but, since both sides appealed, without interest or costs.

COXE, Circuit Judge. I concur in the opinion of the court except that portion which disallows interest on the decree. I see no reason why the libelant is not entitled to interest, especially in view of the fact that the claimant was the first to appeal.

PER CURIAM. When the opinion was filed the situation as to claim for interest on decree was not fully appreciated by the majority of the court. The whole court is now satisfied that the affirmance should be with interest though without costs.